Good morning, could you introduce yourself for the record and then proceed with your argument? I'm Aklil Yohannes. I'm representing myself in this case. I'm not an attorney. I'm the plaintiff's appeal attorney. All right. What would you like to tell us about the district court decision in this case and why you're appealing? I would like to start the facts of this case as it is mentioned by the panel in the previous case is incorrect. And I'll be starting from that one. The district court actually in its previous order got the facts almost right. It's only wrong in its interpretation of the facts. For example, if we start with the assignment of a claim, I am arguing that the assignment of claims that the defendant produced is fraudulent. This court ruled or concluded on February 14, 2006, OCI received an assignment of claims that assigned my vehicle dental bill for $389.03 to OCI. Counsel, we are here to decide the issue that we sent back to the court. So the assignment of claims has already been resolved by us. The one issue that we sent this back for the district court to determine was whether or not OCI properly filed a notice of service on you. So could you discuss that part of the case, please? Yes, I will discuss that part. But before I proceed that, I raise this issue because it's logically and chronologically impossible. But I will continue on to any question that you have on the notice. They didn't file any notice with the court about the service of the rig on me at all. The notice that they sent was sent to a wrong address. That's incomplete. They knew it's not my address from the beginning. This court actually talked like, you know, they don't have my address. But right from the beginning, if you see the district court's order, right from the beginning, the defendants have my address, my employer, and phone number. And my phone number was given to the process server. The process server went to the address where they have been sending letters to me, and he told them that it is an incomplete address at the multi-apartment building. And he talked to the management, and they told him they don't give clearance information. I do admit that at one moment I lived in that apartment complex, but I was not resident of that apartment complex at that time. And that appears actually in their brief misstatement of fact, and they say that apartment building is inaccessible. That misstatement of fact is actually being used to actually damage my reputation with the court, where they say I have a secret life, or I have secrecy. And I think such a misstatement of fact and attack on my character is inappropriate, especially when it's done before the court. Mr. Yohannes? Yes. Judge Gold, if I could interject a point. The only question that's before our court right now is whether the writ of garnishment, whether you were given notice of the writ of garnishment. No, I was not. I received a quote today. If you would focus on that issue. Give us any facts you think are pertinent to that, that would be most helpful from my point of view. I was, a copy of the writ of garnishment was sent to me by my employer, and by the time I received it, it was April 28, 2016, and the judgment expired two days later. And I didn't actually have any means of knowing how to file a dispute with the court, and part of the service that the defendants were supposed to do was to let me know how I can claim exemptions. Such information was not in my hand, and by the time I went to the court, the court file was there, or it was sent for destruction because the judgment had expired. So I don't have any notice of the writ of garnishment being served against me, and I don't even know that there was a judgment against me. So counsel, the district court on remand said there is no record of the affidavit confirming service in the state court record. Yes. And the state court has since destroyed the relevant files for that case. So what are we to do with that? So the district court said that there is no record of the service, the service of affidavit in the docket, and the state court has destroyed the files. So what does that mean for our decision in this case to you? How should we interpret those facts? The state court docket that you see in the record is a court certified copy. The files were destroyed, but not the docket. So I got the docket printout, and I reconstructed the court file, and the district court gave a judicial notice of those records. Right. And the docket shows that there was no affidavit filed in the court confirming service. Yes, there is none. All right. Counsel, it might be helpful if we hear from counsel for OCI, and then you can come back after we've heard from them and tell us your response to their presentation. I appreciate that. Thank you. Thank you. Thank you, Your Honors. May it please the court, esteemed panel. I'm Mark Rosenberg on behalf of Appellee's Olympic Collection, its employee, Susan Cable, its president, Farouk Ansari, and its attorney, Norman Martin. My intention originally was to talk for about 10 minutes and then answer questions for five, but you've asked me, you've pointed out what you're mainly interested in hearing. I think, however, that it's a little backwards. The docket doesn't show no affidavit. The docket was destroyed, so there's no ability for anything submitted to go on there. My clients indicated that notice was sent to the court, and nothing came back. And so I think it's not so much the district court said there was no record in the state court. The district court didn't say that. I know, I know. The district court said there is no record of the affidavit confirming service of the writ of garnishment in the state court's docket. I'm not disputing that. As a matter of fact. I'm not disputing that, Your Honor. All right. What Your Honor said was the district court said there's no record, and the state court record was destroyed. I think we reversed that. No, it says I'm reading you verbatim what the district court said. I'm not disputing that. These are the facts that the district court found. There is no record of the affidavit confirming service of the writ of garnishment in the state court's docket, and the state court has since destroyed the relevant files for the case. Not the docket, but the files. Right, but they destroyed the files, and nothing after that went on the docket. So, without the file there, there's nothing to put anything my client said in there. And so, the state court destroyed the file, so there's no record of the service, so there's nothing to give to the court. Well, who does that? So, if you have the burden to show that there was service on Ms. Yohannes, and there is nothing in the record that will show that, doesn't that mean that you are unable to show that you served him? That would be correct, because we'll never know exactly what was sent in, what would have been in the docket had the file not been destroyed. Under what statute was the file destroyed? Generally, court files are supposed to be retained for a substantial period of time. I don't know what the court based its decision to destroy the file on. But what I'd like to argue today, Your Honor, and spend my time on, is I'd like to focus on the constitutionality of Washington's post-judgment garnishment statute. That's not the issue at all. If proper notice is not given, that's a constitutional violation. I disagree, Your Honor, and I'd like to say why. Okay. Okay. So, let's assume notice was not given, right? To start with, it's undisputed that there are safeguards in RCW 6.27, at .130, .210, .220, and .230. These provisions permit challenging a garnishment before and after attachment of garnishment funds, and provides opportunity for a trial prior to dispersal of funds, awards, fees, and other penalties, in addition to recovery of actual damages, for a prevailing judgment debtor. Yeah, so that would all be pertinent if this were a facial challenge to the statute. But this is a challenge to the statute as applied to Mr. Yohannes. Well, first of all, I don't even think we get to the constitutional issues because there is no state action. Mr. Yohannes argues that the statute was law and the client didn't follow it. And so, if that's what's being argued, then it's not the Constitution that's the issue. It's that there was an error in carrying it out, and that is not it. Assuming that that's correct, that your client didn't follow the procedure in the statute, isn't your client still acting under color of state law because the state statute is governing this? No, Your Honor, because basically in order for there to be state action, the state has to essentially be the one taking the action and be able to prevent it. Well, if the statute authorizes a private actor to take action that the state ordinarily would take, that's state action because this statute allowed a private actor to issue a writ that the state would normally, that the court would normally issue. And so, then this private actor becomes the actual agent of the court in issuing the writ of garnishment. No, Your Honor, I don't believe that's correct. Why not? Well, first of all, as a general rule, attorneys acting and doing certain things such as issuing subpoenas or doing other things that an attorney normally does, doesn't change it into a state actor. Your Honor, this argues the flaw here is that the state was not involved in the issuance of the writ of garnishment, but it must, Your Honor, ask compliance about the conduct of a private party, the creditor's attorney, collecting a debt that Your Honor has refused to pay. Private misuse of the statute does not describe conduct that can be attributed to a state, and that's Lugar 457 U.S. at 940 through 41, and also this court's decision in Seattle Fishing Services LLC, the Bergen Industries 242 FedEx 436 at page 438. Counsel, may I interject just for a second with a question? Yes, Your Honor. I haven't made a final judgment, but I tend to agree with Judge Wallinson's comment that because your client, you know, obtained the writ of garnishment from a state court, that they're acting under color of state law. I don't know if I've expressed her position precisely, but to me it seemed like your client was acting under color of state law, and the critical question is whether Mr. Yohannes got notice or not, and I couldn't really tell from the district court opinion very clearly if he received the notice. I know he said he never got it, and the OCI said they served him at a particular address, and then it was undeliverable, and then they mailed that to the court, but we don't have a record of that. Was there a finding by the district court as to whether a service was made? Well, if there's not an express finding, could our court remand to the district court to make a finding one way or the other, was service made or not? Well, I think the court found that the record was destroyed in the state court, and there wasn't an entry in the state court, presumably because the file was destroyed. Counsel, let me ask you, is generally when attorneys file something in the court, they get a file stamp copy of it? Is there a file stamp copy that your client has or that the attorney has that shows that they filed it with the court? Well, the court had already destroyed the file by the time it was sent, so there was nothing to put it in. My client did not get back a file. I mean, if you mail something in and the court's not filing it because the file is destroyed, it's just not going to be there. For in the record, is there verification that the file was destroyed, or can we look in the record to confirm that? Well, it's undisputed. Mr. Ioannis said so when he was standing here. It's in the briefing. I'm asking you, how do we know the file was destroyed? Did the clerk send a letter out? How do we know that the file was destroyed? Mr. Ioannis went into the court to get a copy of the file, and they told him it was destroyed. And subsequently, the parties checked, and the file was destroyed. So there's just nothing there. We'll never know what was in it or what was received by the court. I don't know why. I don't know what their methods are. But I do know, in regard to the question we're dealing with right now, is that the Washington legislator expressly considered the ministerial nature of the collection process post-judgment, the protection of post-deprivation hearings, and the statutory protection that applied to exempt assets and do assets necessary for ordinary subsistence. And that was, we found it in the Washington State Bill 5592 in 2003-04. But again, that goes back to this court's decision in Seattle Fishing Services LLC v. Bergen Industries. Again, that's 242 Fed Appendix 436 at page 438. This very court held that issuing the writ as in here was a ministerial act. That doesn't mean that it's not an act by the government, though, by a government actor. Even if it's ministerial, it still can be performed by a state actor. Well, the fact that it can be done doesn't make it state action. If it's delegated to the attorney in North Georgia Finishing, Inc. v. Dykem Supreme Court, said that if the writ of garnishment is issuable on the affidavit of the creditor or his attorney by the court clerk without participation by a judge, that's unconstitutional if it's not, if there's no notice, if the debtor is deprived of the use of the property under a statute that allows the attorney to submit an affidavit and it doesn't, it's not, and it's just rubber stamped by the court. Well, that's the court taking action, not necessarily the attorney. The attorney is the one who does the affidavit that says we provided the notice. There is a debt that's payable, and so we've complied with everything, and so the writ can issue, and there's no review of that by the court. There is a review. What's the review? Well, again, in this case, what was the review by the state court? Well, first of all, the court gets the funds, so it doesn't, the money doesn't go automatically. There's disputed funds, and as I was indicating before, the statute provides a variety of methods by which this can be done, so RCW 6.27.1302. You didn't answer my question. My question to you was, in this particular case, what was the review by the court before Mr. Yohannes' wages were garnished? Well, the problem is Mr. Yohannes didn't provide the opportunities for review that I'm trying to inform the court about, so the statute that I was talking about here, 6.27.6271302B, permitted Mr. Yohannes to move to set aside the garnishment. Now, damage is awarded. Mr. Yohannes didn't make such a motion. Now, within 20 days of his employer filing an answer and prior to disbursement of the funds, RCW 6.27.210 permitted Mr. Yohannes to submit an affidavit controverting the writ or the answer. If he didn't get notice of it, how could he do that? Well, he did have notice of the answer. First of all, he did that notice because, in the record, I can't pinpoint a site right now. He says his employer called him in and talked to him about it. In fact, some of his claims are based on that. And so going through all that and drawing out exemptions for the answer, he would have gotten notice and I might not have gotten the letter. But certainly by the time the answer was filed and his employer gave the answer right to him, he knew about it. Now, the money was still on the bank. It hadn't gone to my client yet. There's dispute of funds and malthuse analysis, and there's a variety of interests. Certainly, Mr. Yohannes has an interest in wages, but the state has an interest in the execution of its judgments, and the creditor has an interest in the money because they've given Mr. Yohannes goods and services that he has not paid for, so they have an interest in that money. So it's cool if I can interject just a moment. Your time is almost up, and you may want to do a little argument after Mr. Yohannes speaks at more length. But what I'm wondering still is whether the district court made an express finding about whether there was notice or not. And at least as I read the district court opinion, it was ambiguous. So I was wondering whether we could resolve this case by remanding to the district court and asking the district court to make an express finding whether or not notice was given. Your Honor, I think they did do that. I'll note here that this case has been going on about six years now. The whole case is about $1,500, although my client's paid about $100,000 in legal fees at this point. Well, Mr. Yohannes hasn't had to pay anything other than maybe court costs. That's because your client executed on a debt that was not really enforceable at that point. That's how this whole thing started. The judgment was not enforceable. That's untrue. That's untrue, Your Honor. When the right was first issued, there was still time to renew the judgment. It was burnishable. And then when it was discovered, I mean, our client's employee got sick, didn't renew it like she was supposed to, and that was a burnishable error. But when they first issued the writ, it was enforceable. It could have been extended. And my client returned the money, even though when they first burnished, they didn't have to, but they chose to. The second burnishment, they did have to return the money. So this was really, it wasn't Mr. Yohannes' fault that this case started. It's interesting you say that, Your Honor, because certainly there were two burnishments, and Mr. Yohannes had noticed prior to the second burnishment, certainly. That was the one. That was where the judgment was. But the important thing is, OCW 6.27 has a whole host of protections. Now, the second burnishment at that point, he had noticed an opportunity for a hearing before that second burnishment came up. He never used it. He had the variable. He knew there was a burnishment issue out there. He knew his wages were going to be burnished in the following month, but he didn't use 6.27, .130, .210. That burnishment wasn't valid. But he still had an opportunity to challenge it. And so the statute itself is constitutional. And in light of that second one, especially because he had knowledge, he had actual knowledge that the burnishment was coming up, he could have challenged it. He could have gotten a trial. He could have filed an affidavit. There's a whole host of things he could have done before that second burnishment, before the money was taken out. But he chose not to use. And there's a difference between not having protections and not using the protections. And Mr. Yavanna certainly knew, before the second burnishment came up, that these issues were going to be completely filled to use the protections of the statute. The writ of burnishment was issued before that, though. So that's what we're talking about, the writ of burnishment, when that was issued, whether or not there had been notice. We're not talking about the actual garnishments of the check, but when the writ of burnishment was issued. But as Judge Gould said, we'll give you an opportunity because we're going to let Mr. Yovanas come back and do a more extended argument based on what you've said. But I am curious as to whether or not what your response is to Mr. Yovanas' suggestion that this case should go to a different judge because this judge has not responded to the questions that we asked. The judge did respond to the questions that were asked. And I think he provided Judge Gould and the panel here with sufficient notice. There's nothing any judge can do. If the firm is destroyed, the mailing is returned. Well, not the mailing, but the notice that is undeliverable has been returned. He can do something. He can determine who had the burden and whether or not that burden was met based on the facts in the case. And that's what a district court judge has to do. Notice is required. The district court judge has to determine whether the notice was given. And if there is an absence of evidence in the record, who bears the burden of that absence of evidence? Well, those are legal questions for which the evidence is already in the record. And I don't see any reason to change the judge because just because you don't like the – I mean, to get rid of the judge, you usually have to show prejudice or some other reason for, you know, taking the judge off the case. There's no reason. I mean, this judge has been less knowledgeable about the facts. He's been through a whole battery of summary judgment motions. He's written at least two opinions on dispositive motions. It's been a – I mean, he's provided this court what it needs to make the legal decisions. So when you were in the district court decision, it made a determination as to whether or not Mr. Yohannes was provided notice pre-execution of the writ. Show me in the record where the judge made that decision. What did he say? Well, I'd have to go back and I can look at the – Okay. I don't know where Mr. Yohannes is going. Counsel, when you come back up here, point us to the language in the district court decision where it made the determination whether or not Mr. Yohannes was provided notice pre-writ. Other than his statement that he was there with his employer asking questions on the execution. I'm asking you in the district court decision where the district court made the findings. When you come back, tell us that.  Thank you. Thank you, Your Honor. Mr. Yohannes, if you could just keep your remarks to the notice issue. Everything else has already been decided. We're not going to re-decide those issues. The only issue before us today is whether or not the district court made a determination that you had been provided notice before the writ of garnishment was acted upon. The district court specifically determined that I don't receive notice of the garnishment. That's my answer. Secondly, Mr. Yohannes, the microphone is directional. If you get back up too much, I can't hear you. Okay. What did he say? Yeah, the district court specifically found they didn't actually file the notice of the affidavit that's required to be filed with the court that they provided me with notice. Number two, I'm being asked to dispute something that's practically impossible. They said the affidavit on the same day that they served the writ with my employer, but the statute requires them to wait until they receive the return receipt for the mailing, and they have to attach that with their affidavit, with their filing, to show that it is filed. But they are claiming that they said it on the same day as they served it on my employer. That is practically impossible. How would I be required to present a defense for something that cannot actually happen physically or in reality? So they don't actually file it. Their claim is that they sent it on the same day they filed the affidavit, on the same day they sent the service to my employer. So Judge Gould has suggested that maybe we send this back to the district court judge to make a specific finding as to whether or not you provided notice. What's your response to that? You had asked for us to send it to a different judge. Why did you say that? Okay, so they did send, okay, they produced the return receipt for the mailing. It was sent to a wrong address. The return receipt is actually in the record. Do you have a question? Yes, Alvin, did you have a question? No. Oh, okay. The return receipt was sent as undeliverable because it's an incomplete address. It's not my address at all. They are supposed, I don't think there is a need to send it back to the court to determine this because what they are claiming is practically impossible. And the district court, of course, cannot make a determination that like what cannot be practically happened in this case. To be honest, you know, as an appellate panel, we can't make a finding of fact that something's impossible or practically impossible. Really, district judges are able to make factual determinations. But if your position requires such a finding, we should send it to the back of the district court. Let the district court hear from you and hear from OCI and then make any required findings. I believe the district court said they didn't actually file the affidavit required by the statute. I don't actually exactly remember which way to take you there. But that's what the district court ruled. Well, the district court didn't say that they didn't file it. It said there was no record of it. There is no record of it, yes. There is no record of it. And, by the way, the copy of the booklet is on page ERV2. That's where you find that the files were destroyed. It shows on the statute for May 11, 2016. Prior to that date, I went to the court multiple times. And I was given a printer finally after they entered this note. And it appears to me that they were not able to find the records for me. And they made that note. They entered that note. However, even after the file was destroyed, they were making entries in the booklet. My garnish check was coming to the court. And they sent it at least like, you know, on May 23rd. A check in the amount of $673.72 was sent to Olympic. That is the second check. The first check that came to Olympic was on May 9th. That is after the judgment has expired. That check was deposited in Olympic's account. And on May 5, 2006, there is a note that appears to also admit that they knew that the judgment expired. And their own attorney, Martin, told them that they have to release the garnishment. They let the garnishment to continue on after they knew the judgment has expired. And one other thing that I want to mention to the court is I don't have any notice of this lawsuit at all. The record does not show that I was served or the service of someone's incumbent is not filed with the state court. So the argument that the defendants present in this case is that I knew about the judgment and that there is a garnishment that would become the consequence as a result of that judgment. That is not true. So, like, I have no notice at all about the judgment. And even if I knew about the judgment, if it is void, according to what the Supreme Court said, I can ignore it if the judgment is void. And that is my argument that I presented here. But I want to focus on what you want me to answer. I don't want to go back to that point. All right. Are there any questions for Mr. Yohannes before he concludes? No. All right. Do you have any final words for us, Mr. Yohannes? Yeah. One question that you asked was about why the file is destroyed. The Washington State has a record of litigation document which is not actually filed with the state. And according to that, like the district court files, right after the judgment has expired, get destroyed, the docket, I think, stays until 20 years. And, you know, if required, I can search for that and I can find it with the court. Okay. Thank you very much. All right. Thank you, Mr. Yohannes. All right. We'll give you two minutes. Mr. Rosenberg, two minutes. Thank you, Your Honor. You had asked me to pinpoint the place in the judge's order. So I think we're looking at pages 13 and 14 of the opinion. The judge, Judge Lasnik, says, The notice problem Planoff identifies is not with the procedures presided by the state statute. The defendant's failure to comply with them on April 12, 2016, attempting to comply with RCW 6.27.130, while C.I. Mellon, the re-adviser, went to Planoff at the address it had on file for him at the time, Docket No. 151 at 2. The mail-in was returned as undeliverable. And so basically it shows that Mr. Yohannes did not get the mail-in, but then the judge goes on and says on page 14, However, whether or not the defendant successfully complied with the state statute need not be resolved to rule on this motion. The Supreme Court in Luber clearly stated that Planoffs do not, quote, present a valid cause of action under 1983, unquote. So that wasn't the question. That wasn't the question we asked you. The question I asked you was where in the district court decision it determined that there was service or that there was notice to Mr. Yohannes. That was the question. You said that the district court made that determination. Well, I said that the district court on page 13 of his opinion, which is ER- I did not read that. On page 10, though, he said there is no record of the affidavit confirming service of the writ of garnishment in the state court's docket, and the state court has since destroyed the relevant files. So give me the precise language where he said notice was served on the defendant. I don't have to have two pages to- there should be an explicit determination whether there was notice given or not. Well, if the mail-in was returned, then he did not receive that. He does indicate, Mr. Yohannes, in his deposition, that his employer called him in and they talked about it. No, but, okay, generally what happens is if a party attempts to give notice to another party and it's returned undeliverable, that is filed with the court to inform the court that you attempted to give notice. And so that should have been with the affidavit that was filed with the court. And my client did provide that. Oh, he did provide-well, my client provided what was sent to the court, with the declaration saying I have this after the court. But at this point, you know, the court file had been destroyed. There was no place to put it, so it doesn't appear on the docket. Mr. Yohannes says that there were continuing notations made on the docket, even though the file had been destroyed. So that begs the question, and that's another reason why we should send it back to the district court, because the district court said there was no record of the affidavit in the docket, which indicates that the docket was being updated. Well, I think that the judge then went on to formulate a well-reasoned and well-supported opinion based on the Endicott decisions, indicating that even if-but first of all- Counsel, that's not the question we have. We are reviewing that de novo, and we will decide whether or not we agree with the district court's analysis of the law. But first we want a determination from the district court as to whether or not Mr. Yohannes was provided notice before the writ of garnishment was executed. I'm curious, Your Honor, if there- if the statute passes constitutional monster, even if no notice was given, then why would there- Your Honor, we have not decided that. That is not the issue before us right now. Well, I believe- We may or may not agree with the judge's decision in that regard. What we are focused on right now is whether or not there was notice given to Mr. Yohannes, and if not, whether or not the statute as applied to him was unconstitutional. Well, my client sent the notice. Whether- We understand that your position is your client sent the notice. The problem is there is no proof of that in the court file, in the court docket, and the file's been destroyed. There is a lot that will never be known about the court file because it has been destroyed. And- Counsel, Judge Gould, if I could interject. My idea, again, just as one judge here, probably the one with the least understanding of potential procedures in a district court, because Judge Rollins was previously a district court judge before coming to our circuit, and Judge Adelman is a district court judge. But my question for you is, what would be wrong with a resolution along the lines of what Judge Rollins suggested earlier where we would send this to the district court, ask the district court to make a finding whether notice was given, and if notice wasn't given, whose burden it was, to prove that? Well, Your Honor, I think that under Federal Rule 1, we're supposed to have causes that are inexpensive, speedy, and fair. My client has already gone back twice, prevailed twice. And, you know, doing this over and over again doesn't seem fruitful, especially with a new judge who doesn't have any of the prior facts, who never engaged in any of the litigation. He didn't say a new judge. Oh, okay. He didn't say a new judge. Okay. I'm saying nothing in what's been submitted that would suggest that the district judge should be replaced by a new judge. Right. And so, I mean, we've presented abundant cases, and not just the Endicott case, but cases cited by Judge Jelaznik, and that we've briefed, you know, the Dionne v. Booley, the Brown v. Liberty Loan Corp., and McKay v. LP Investors. Those are from the First Circuit, the Fifth Circuit, and the Second Circuit. Nothing from the Ninth Circuit, though. That's your problem. Well, we do kind of have something in the Ninth Circuit, Your Honor. There's this Todd Solvey Wallace case. It's 743 F. 2nd. 709. Cites Endicott and Matthews, and it held that procedures did not violate due process, even if the former husband wasn't provided a hearing prior to garnishment where post-garnishment remedies were available. We're concerned with notice here, not a hearing. Well, again, it goes back to the notice. Even if it were conceded that there was no notice, and it's not a concession right now, but even if it was conceded that there was no notice, all of these cases, including the Ninth Circuit cases, look, if you provide post-garnishment procedures, you have constitutional statute. And so, I mean, those cases are all very similar to this case. We understand your argument, counsel, but we want to know what the facts are in this case before we go further. So, do you have anything to add before we conclude? I take it that you don't want us to remand it. We understand that. Right. I mean, Mr. Yohannes got notice, he got a hearing, and the result of that was a judgment entered against him that he didn't pay. And the cases are clear and consistent that if the statute provides sufficient post-detachment means to challenge the garnishment before the money's turned over, which the statute did, that even if there's no second notice, you know, after the first notice being leading to the judgment, even if there's no second notice prior to garnishment, the statute still passes constitutional muster. The statute is presumed constitutional, and it's a heavy burden to show otherwise. We understand. All right. Thank you. Thank you to Mr. Yohannes and to counsel. Are there any other questions? Thank you, Your Honor. There being none, the case is submitted for decision by the court, and we are adjourned. All rise. This court for the session stands adjourned. Thank you.
judges: GOULD, RAWLINSON, Adelman